```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF IOWA
                     CENTRAL DIVISION
```

| | | |
|---|---|---|
| GERALD P. ASHLEY, | ) | 4:13-cv-00004-REL-RAW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | AND ORDER ON DEFENDANT |
| EXPERIAN INFORMATION | ) | TRANS UNION'S RULE 37 |
| SOLUTIONS, INC.; EQUIFAX, | ) | MOTION TO DISMISS |
| INC.; EQUIFAX INFORMATION | ) | WITH PREJUDICE AND |
| SERVICES, LLC; and TRANS | ) | FOR REASONABLE EXPENSES |
| UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Trans Union's unresisted Rule 37 motion to dismiss with prejudice and for reasonable expenses [36] is before the Court. On July 31, 2013, the Court granted Trans Union's unresisted motion to compel disclosure and discovery responses. Fed. R. Civ. P. 37(a)(3)(A), (B). Plaintiff was ordered to respond to Trans Union's outstanding discovery requests and make his initial disclosures within twenty days. Plaintiff was warned that failure to obey the order compelling discovery could result in dismissal of the Complaint.

Defendant Trans Union seeks the sanction of dismissal based on plaintiff's failure to comply with the order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). Plaintiff has not made any response to Trans Union's discovery requests or served initial disclosures and offered no excuse for his failure to do so. In this circuit dismissal as a discovery sanction, or for failure to prosecute, is only to be entered in the last extremity. *Siems v.*

*City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009).

> . . . We have repeatedly stressed that the "sanction imposed by the district court must be *proportionate* to the litigant's transgression" . . . and that "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint".
> . . .

*Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008)(quoting *Rodgers v. The Curators of the Univ. of Mo.,* 135 F.3d 1216, 1219 (8th Cir. 1998) and *Givens v. A. H. Robins, Co.,* 751 F.2d 261, 263 (8th Cir. 1984)(emphasis original to *Rodgers*)).

Plaintiff has failed to respond to defendant's written discovery, to make initial disclosures, or even respond to the present motion. He has been warned noncompliance could result in dismissal. *Smith* 526 F.3d at 405. The pattern of delay shown by the record has effectively stalled the case and denied defendant an opportunity to investigate and defend against plaintiff's claims. It is fair to view the circumstances as evincing willful disobedience to the Court's orders and a persistent failure to prosecute this lawsuit.

In addition to the sanction of dismissal, Trans Union also requests its reasonable expenses, including attorneys' fees incurred in bringing the prior motion to compel as well as the present motion. By order entered September 5, 2013 [39] the Court has already ordered payment of fees for bringing the motion to

compel. In the absence of substantial justification for failure to comply with an order compelling discovery and disclosure, payment of reasonable expenses caused by the failure is the norm. Fed. R. Civ. P. 37(b)(2)(C). If defendant is intent on pursuing additional fees incurred in relation to the present motion, counsel shall, within fourteen (14) days, file an itemized statement of the amount of fees and expenses claimed in conformity with LR 54.1.a. Plaintiff may thereafter have fourteen (14) days to respond. The Court will then consider the matter submitted unless either party requests hearing on the issue, in which case hearing will be set by subsequent order.

**IT IS RESPECTFULLY RECOMMENDED** that defendant's motion to dismiss [36] be granted based on plaintiff's willful disobedience of the order compelling discovery and disclosure. Fed. R. Civ. P. 37(b)(2)(A)(v). The action against defendant Trans Union should be dismissed with prejudice.

IT IS ORDERED that the plaintiff has until **October 16, 2013** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72;

*Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 26th day of September, 2013.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE