```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF IOWA
                         CENTRAL DIVISION

GERALD P. ASHLEY,                 )    4:13-cv-00004-REL-RAW
                                  )
        Plaintiff,                )
                                  )
vs.                               )    REPORT AND RECOMMENDATION
                                  )    AND ORDER ON DEFENDANTS
EXPERIAN INFORMATION              )    EQUIFAX INFORMATION
SOLUTIONS, INC.; EQUIFAX,         )    SERVICES LLC, EQUIFAX, INC.'S,
INC.; EQUIFAX INFORMATION         )    AND EXPERIAN INFORMATION
SERVICES, LLC; and TRANS          )    SOLUTIONS, INC.'S
UNION, LLC,                       )    RULE 37 MOTIONS TO
                                  )    DISMISS WITH PREJUDICE
        Defendants.               )
```

The unresisted Rule 37 motions to dismiss with prejudice [43] by defendants Equifax Information Services LLC and Equifax, Inc. (the "Equifax defendants") and [44] by Experian Information Solutions, Inc. are before the Court. On August 12, 2013, the Court granted [29] Experian's unresisted motion to compel initial disclosures and discovery responses. On September 5, 2013, the Court granted [38] the Equifax defendants' unresisted motion to compel initial disclosures and discovery responses. Fed. R. Civ. P. 37(a)(3)(A), (B). Plaintiff was ordered to respond to defendants' outstanding discovery requests and/or make his initial disclosures within twenty days of the orders. Plaintiff was warned that failure to obey the orders compelling discovery could result in dismissal of the Complaint.

Defendants seek the sanction of dismissal based on plaintiff's failure to comply with the orders compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). Plaintiff has not made any response to defendants' discovery requests or served initial disclosures and offered no excuse for his failure to do so. In this circuit dismissal as a discovery sanction, or for failure to prosecute, is only to be entered in the last extremity. *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009); *see Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009).

> . . . We have repeatedly stressed that the "sanction imposed by the district court must be *proportionate* to the litigant's transgression" . . . and that "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint". . . .

*Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008)(quoting *Rodgers v. The Curators of the Univ. of Mo.,* 135 F.3d 1216, 1219 (8th Cir. 1998) and *Givens v. A. H. Robins, Co.,* 751 F.2d 261, 263 (8th Cir. 1984)(emphasis original to *Rodgers*)).

Plaintiff has failed to respond to defendants' written discovery, to make initial disclosures, or even respond to the present motions. He has been warned noncompliance could result in dismissal. *Smith* 526 F.3d at 405. The pattern of delay shown by the record has effectively stalled the case and denied defendants an opportunity to investigate and defend against plaintiff's claims

resulting in prejudice to defendants. *Sentis*, 559 F.3d at 899. It is fair to view the circumstances as evincing willful disobedience to the Court's orders and a persistent failure to prosecute this lawsuit.

**IT IS RESPECTFULLY RECOMMENDED** that defendants' motions to dismiss [43][44] be granted based on plaintiff's willful disobedience of the order compelling discovery and disclosure. Fed. R. Civ. P. 37(b)(2)(A)(v). The action against defendants Experian Information Solutions, Inc. and the Equifax defendants should be dismissed with prejudice.

IT IS ORDERED that the plaintiff has until **November 15, 2013** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 28th day of October, 2013.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE